THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

MICHAEL EUGENE MARKCUM                                            PLAINTIFF

v.                          Civil No. 4:19-CV-04106

JAIL ADMINISTRATOR JANA TALLANT;                                  DEFENDANTS
JAILER LACEY GRACE; SHERIFF
BRYAN MCJUNKINS, Howard County,
Arkansas; and CHIEF OF POLICE AMY
MARION

**ORDER**

This is a civil rights action filed by Plaintiff, Michael Eugene Markcum, pursuant to 42 U.S.C. § 1983. Plaintiff proceeds *pro se* and *in forma pauperis*. The case is before the Court for preservice screening under the provisions of the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915A. Pursuant to the PLRA, the Court has the obligation to screen any complaint in which a prisoner seeks redress from a governmental entity, officer, or employee.

**I. BACKGROUND**

Plaintiff filed his Complaint on August 30, 2019. (ECF No. 1). His application to proceed *in forma pauperis* was granted that same day. (ECF No. 3). Plaintiff has named Jana Tallant—the Jail Administrator at the Howard County Jail ("HCJ"); Lacey Grace—a jailer at the HCJ; Brian McJunkins—the Sheriff of Howard County; and Amy Marion—the Chief of Police, as Defendants in this action.

Plaintiff describes his claim as "leaving us in a cell while there was 6ft of water around the coming under the doors exposing us to sewer water[.]" (ECF No. 1, p. 4). He goes on to state that on July 16, 2019:

> [Jana Tallant] give Lacey Grace order to move us in a cell that only holds 10 men all together it was 22 of us. Left us there while the hole jail flooded. Its here job to have a evacuaction plan she did'nt have one…we walked in ankle deep sewer

1

> water, while cars and trucks were floating in front of the jail. We were held in the cell from 7:00A.M. to 3:30p.m…[Lacey Grace] would not help us to get dry clothes or move us to another cell or provide clean up chemicals or mop. Just laughed and went back up front…[Brian McJunkins] He prison us in A10 man cell with 20 men in it while standing in ankle deep sewer water for hours. And then give his jailer orders to feed us standing in sewer water with no gloves or hairnet…[Amy Marion] is chief of police here, It's her job to help provide a sufficient jail. As far as evacuaucation plan for floods emergencyies she did'nt do her job[.]"

(*Id.* at pp. 4-7).

For his official capacity claim Plaintiff alleges, "no emergency plan to help move us standing in sewer water. No clean clothes . . . feed us sandwiches standing in sewer water . . . no hairnets or gloves. Had to wear our nasty clothes for 4 day straight[.]" (*Id.* at pp. 5-6). Plaintiff also alleges "after they moved us to another jail 9 days later they brought us back to the same cell didn't paint the walls or redo the floors or even bleach anything[.]" (*Id.* at p. 6). As a result, Plaintiff states, he suffered "scariest feelings in the world to know that I was going to die from drowning . . . [Defendants] put inmates at or a risk of catching any kind of diseases[.]" (*Id.* at pp. 10-11).

On September 3, 2019, Plaintiff filed a document which was entered by the Clerk of Court as a Supplement to his Complaint. (ECF No. 6). In this Supplement, Plaintiff alleges he was denied medical care on June 20, 2019, by Guard Turner Reed, Jailer Ethan Nowlen, Jailer Dalton Potter and Defendant Jana Tallant.

The Court takes judicial notice of a news report documenting that on July 15, 2019, the remnant of Tropical Storm Barry made its way through Arkansas. The storm dropped 8.47 inches of rainfall on Nashville, Arkansas—where the HCJ is located. The report states, "Inmates from the Howard County jail were evacuated Tuesday afternoon. Seven inmates were moved to

Department of Correction sites while the rest were bused to the Sevier County jail in De Queen."[1] While this report differs from Plaintiff's account of the flood and the alleged lack of evacuations, there is no question the flooding occurred, and that Defendants were not responsible for such flooding

## II. LEGAL STANDARD

Under the PLRA, the Court is obligated to screen cases prior to service of process being issued. The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted, or (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded . . . to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). Even a *pro se* Plaintiff must allege specific facts sufficient to support a claim. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

However, conclusory allegations with no supporting factual averments are insufficient to state a claim upon which relief can be based. *Allen v. Purkett*, F.3d 1151, 1153 (8th Cir. 1993); *see also Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004). "[A] pro se plaintiff requires no special legal training to recount the facts surrounding his alleged injury, and he must provide such facts if

---

[1] Stephen Simpson & Dale Ellis, *Straggling rain floods buildings, blocks roads*, Arkansas Democrat-Gazette, July 17, 2019.

the court is to determine whether he makes out a claim on which relief can be granted." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (citations omitted).

### III. ANALYSIS

#### A. Conditions of Confinement Claims

"[W]hen the State takes a person into its custody and holds him there against his will, the Constitution imposes upon it a corresponding duty to assume some responsibility for his safety and general well-being." *County of Sacramento v. Lewis*, 523 U.S. 833, 851 (1998) (citation omitted). The Constitution does not mandate comfortable prisons, but neither does it permit inhumane ones. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994).

The Eighth Amendment to the United States Constitution prohibits the imposition of cruel and unusual punishment. U.S. Const. amend. VIII. The cruel and unusual punishment clause forbids conditions that involve the "wanton and unnecessary infliction of pain," or are "grossly disproportionate to the severity of the crime." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981).

A prisoner alleging an Eighth Amendment violation must prove both an objective and subjective element. *Revels v. Vincenz*, 382 F.3d 870, 875 (8th Cir. 2004) (citing *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)). "The defendant's conduct must objectively rise to the level of a constitutional violation by depriving the plaintiff of the minimal civilized measure of life's necessities. The defendant's conduct must also reflect a subjective state of mind evincing deliberate indifference to the health or safety of the prisoner." *Revels*, 382 F.3d at 875 (internal citation and quotation omitted). Deliberate indifference is established when the Plaintiff shows "the defendant was substantially aware of but disregarded an excessive risk to inmate health or safety." *Id*. The standards against which a court measures prison conditions are "the evolving standards of decency that mark the progress of a maturing society." *Estelle v. Gamble*, 429 U.S. 97, 102 (1976). Any injury resulting from conditions of confinement must be greater than *de*

4

*minimis*. *Irving v. Dormire*, 519 F.3d 441, 448 (8th Cir. 2008). Keeping these principles in mind, the Court now turns to Plaintiff's conditions of confinement claims.

### (1) Flooding in the HCJ

Plaintiff claims his constitutional rights were violated when he stood in ankle deep water for several hours when the HCJ flooded on July 15, 2019. Even though Plaintiff and the other inmates were not evacuated immediately from the HCJ when it flooded, Plaintiff does not claim his exposure to the water during this time created an excessive risk to his health or safety. *See, e.g.*, *Snipes v. DeTella*, 95 F.3d 586, 592 (7th Cir. 1996) (holding that an inch or two of standing water in the shower does not constitute an excessive risk of harm, such as contracting a communicable disease, even when inmate had wound on foot). Moreover, even exposure to raw sewage does not automatically constitute an Eighth Amendment violation. *See Smith v. Copeland*, 87 F.3d 265, 268 (finding a toilet overflow which lasted four days did not amount to a constitutional violation).

Accordingly, Plaintiff's allegations relating to the exposure to flood waters at the HCJ do not establish a conditions of confinement claim.

### (2) Food Served Without Gloves or Hairnets

Likewise, Plaintiff's allegation that he was served food on the day by someone who was not wearing gloves, or a hairnet fails to state a conditions of confinement claim. The Court is unaware of any precedent holding that the failure of jail officials serving food to wear gloves or hairnets constitutes an Eighth Amendment violation. *See, e.g.*, *Henderson v. Greeley*, No. 6:13-CV-06137, 2015 WL 1280312, at *12 (W.D. Ark. Mar. 20, 2015). Moreover, Plaintiff does not allege he was served contaminated food or that food was routinely prepared in a manner presenting an immediate danger to his health.

Accordingly, Plaintiff has failed to establish a conditions of confinement claim for being served food by someone not wearing gloves.

### (3) Unclean Clothing

Plaintiff also claims he was subjected to unlawful conditions of confinement when he was forced to wear the same clothes for four days while there was water in the HCJ. This allegation does not support a claim that Plaintiff has been deprived of life's minimal necessities. *See Whitnack v. Douglas County*, 16 F.3d 954, 958 (8th Cir. 1994) ("Conditions, such as a filthy cell, may be tolerable for a few days and intolerably cruel for weeks or months.") (citation omitted); *Watson v. Stovall*, 596 Fed. App'x 520, 520 (8th Cir. 2015) (affirming finding that provision of clean uniforms to inmate twice a week was insufficient to support a conditions of confinement claim).

### (4) Overcrowded Cell

Plaintiff alleges his constitutional rights were violated when he and others were placed in a ten-man cell with twenty-two inmates for approximately eight hours when the HCJ flooded. First, overcrowding alone is insufficient to create a constitutional violation. *A.J. by L.B., v. Kierst*, 56 F.3d 849, 854 (8th Cir. 1993). A prisoner must allege that the "overcrowding led to deprivations of essential food, medical care, or sanitation." *Patchette v. Nix*, 952 F.2d 158, 162 (8th Cir. 1991) (citing *Cody v. Hillard*, 830 F.2d 912, 914 (8th Cir. 1987). Plaintiff has not alleged he was deprived of food, medical care, or sanitation during the hours he was in the cell waiting to be evacuated.

Accordingly, Plaintiff fails to state a conditions of confinement claim arising from a crowded cell.

### (5) Conditions at the HCJ after the Flood

Plaintiff alleges Defendants brought him back to the HCJ nine days after the flood and "didn't paint the walls or redo the floors or even bleach anything." These allegations fail to state a conditions of confinement claim because Plaintiff has not alleged these conditions deprived him of the minimal civilized necessities or they posed an excessive risk to his health or safety. *See Whitnack*, 16 F.3d at 958.

### (6) No Allegations of Physical Injury

Finally, even if the Court assumes, *arguendo*, that Plaintiff's allegations state unlawful conditions of confinement, Plaintiff does not allege that he suffered any actual physical injury as a result of these conditions. *See Irving*, 519 F.3d at 448 (holding prisoner must suffer an actual injury to state an Eighth Amendment claim). Instead, he alleges as a result of standing in ankle deep water for hours he was scared he was going to drown, and he was put "at risk of catching any kind of diseases." Pursuant to the PLRA, "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). Plaintiff's conclusory allegations that he has been feeling sick with no supporting factual averments are insufficient to state a claim upon which relief can be based.

Accordingly, Plaintiff fails to state any claims based on his conditions of confinement.

### B. Official Capacity Claims

The Court now turns to Plaintiff's official capacity claims. Official capacity claims are "functionally equivalent to a suit against the employing governmental entity." *Veatch v. Bartels Lutheran Home*, 627 F.3d 1254, 1257 (8th Cir. 2010). In this case, Plaintiff's official capacity

claims against Defendants are treated as claims against Howard County. *See Murray v. Lene*, 595 F.3d 868, 873 (8th Cir. 2010).

"[I]t is well established that a municipality [or county] cannot be held liable on a *respondeat superior* theory, that is, solely because it employs a tortfeasor." *Atkinson v. City of Mountain View, Mo.*, 709 F.3d 1201, 1214 (8th Cir. 2013). To establish Howard County's liability under section 1983, "plaintiff must show that a constitutional violation was committed pursuant to an official custom, policy, or practice of the governmental entity." *Moyle v. Anderson*, 571 F.3d 814, 817 (8th Cir. 2009) (citation omitted). To establish the existence of an unconstitutional policy, the Plaintiff must point to "a deliberate choice of a guiding principle or procedure made by the municipal official who has final authority regarding such matters." *Mettler v. Whitledge*, 165 F.3d 1197, 1204 (8th Cir. 1999).

Upon review, Plaintiff alleges Howard County lacked an evacuation policy and had no policy to make medical staff available during the flooding. Even if the Court concedes Howard County had no policy in place regarding evacuation and medical care on the day the HCJ flooded, Plaintiff has still failed to state official capacity claims based on conditions of confinement or denial of medical care because he has not alleged he suffered any physical injury or alleged that Howard County was deliberately indifferent to his serious medical needs. *See McAdoo v. Martin*, 899 F.3d 521, 525 (8th Cir. 2018) (holding that prisoner must make showing of physical injury to sustain section 1983 claim); *Jolly v. Knudsen*, 205 F.3d 1094, 1096 (8th Cir. 2000) (stating denial of medical care claims under section 1983 require showing that defendant was aware of and deliberately indifferent to a serious medical need).

Accordingly, Plaintiff fails to allege any plausible official capacity claims.

### C. Supplement (ECF No. 6).

In his Supplement, Plaintiff alleges that he was denied medical care on June 20, 2019, by Guard Turner Reed, Jailer Ethan Nowlen, Jailer Dalton Potter, and Defendant Jana Tallant. These new allegations are not related to the conditions of confinement claims set forth in Plaintiff's Complaint. Plaintiff has not sought leave to amend his Complaint and the Supplement does not indicate that Plaintiff intended to amend his Complaint. Thus, Plaintiff's Supplement does not state any viable claims. Moreover, the Court may deny leave to amend where a plaintiff seeks to add claims unrelated to those alleged in his Complaint and denial of leave to amend would not prejudice those additional claims. *See Martin v. Floyd*, No. 4:14-CV-04009, 2014 WL 3529769, at *2 (W.D. Ark. July 15, 2014) (citing *Wishon v. Gammon*, 978 F.2d 446, 448 (8th Cir.1992)). The Court notes that on September 11, 2019, Plaintiff filed a lawsuit setting forth his allegations of denial of medical care against these same individuals. *Markham v. Dalton*, Case No. 4:19-cv-04114-SOH.

Accordingly, Plaintiff's Supplement does not state any additional claims for screening.

### IV. CONCLUSION

For the reasons stated above, Plaintiff's claims against all Defendants are **DISMISSED WITHOUT PREJUDICE**. The dismissal of this action constitutes a "strike" under 28 U.S.C. § 1915(g). The Clerk is **DIRECTED** to place a § 1915(g) strike flag on the case.

**IT IS SO ORDERED**, this 13th day of September, 2019.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge